UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00076-TBR


WESLEY HINZ                                                              Plaintiff

v.

COTTRELL, INC., *et al*.                                               Defendants


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wesley Hinz's motion to voluntarily dismiss his complaint without prejudice. (DN 61). Defendant Cottrell, Inc. has responded. (DN 62). A teleconference was held in this case on July 22, 2016. (DN 60). For the following reasons, Hinz's motion to dismiss is GRANTED.

BACKGROUND

This action arises from injuries sustained by Plaintiff Wesley Hinz "while operating the chain and ratchet tie down system" while performing his duties as a car hauler. (DN 1-3). Hinz claims he suffered injuries to his spine, hip, and wrists when a chain on the rig he was operating on broke.

This action was originally filed in circuit court in St. Louis County, Missouri. (DN 1). Defendant Columbus McKinnon Corporation removed the case to the United States District Court for the Eastern District of Missouri. (DN 1). Hinz voluntarily dismissed his claims against Ford Motor Company. (DN 5). Hinz then moved to transfer venue to Kentucky or Tennessee on the grounds that Missouri no longer had a connection to this case. (DN 13). This case was transferred to this Court. (DN 27).

Following transfer of this case to the Western District of Kentucky, counsel for Wesley Hinz withdrew their representation. (DN 37, 38, 46). Defendant Cottrell, Inc. filed a motion for judgment on the pleadings. (DN 54). On May 5, 2016, this Court held a teleconference and instructed Hinz to file a response or secure new counsel on or before June 10, 2016. (DN 58). Hinz was unable to do so, but requested an extension. This Court granted Hinz an extension until July 15, 2016. (DN 60).

Hinz states he has still been unable to retain counsel. Hinz now moves to voluntarily dismiss his claims without prejudice. (DN 61).

## STANDARD

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This "Court is vested with the discretionary authority to grant, with or without conditions, or to deny the plaintiffs' motion to dismiss under Rule 41(a)(2)." *Stevenson v. United States*, 197 F. Supp. 355, 357 (M.D. Tenn. 1961).

## DISCUSSION

Hinz moves to dismiss his claims without prejudice. (DN 61). Defendant Cottrell objects on several grounds, including the fact that Cottrell has filed a motion for judgment on the pleadings. For the following reasons, the Court finds that dismissal without prejudice is appropriate, but will impose conditions on the dismissal.

This "Court is vested with the discretionary authority to grant, with or without conditions, or to deny the plaintiffs' motion to dismiss under Rule 41(a)(2)." *Stevenson*, 197 F. Supp. at 357. "Generally, an abuse of discretion is found only where the defendant

would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). (*quoting Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*; *Manners v Fawcett Publications, Inc.* 85 F.R.D. 63, 65 (S.D.N.Y. 1979) (including "excessive and duplicitous expense of second litigation," and "extent to which current suit has progressed" as factors).

The Court finds that these factors weigh in favor of permitting Hinz to voluntarily dismiss his claims without prejudice. While this case was filed more than one year ago, it is still in its relative infancy. At this point, the parties have primarily addressed procedural issues which have resulted in this case being transferred to this Court. At this Court's initial scheduling conference, counsel for Hinz notified the Court that he was withdrawing. (DN 44). The parties do not appear to have conducted any discovery or otherwise incurred significant trial preparation expense. Defendants have not filed a motion for summary judgment. Although Cottrell has filed a motion for judgment on the pleadings on the grounds that the statute of limitations has elapsed, if Hinz re-filed his claims, Cottrell could re-assert its argument for judgment on the pleadings in substantially the same form. While it is true that Hinz has been given several extensions

to secure new counsel and has been unable to do so, the Court does not feel that this factor alone justifies dismissing Hinz's claim with prejudice.[1]

"A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). In this case, Cottrell is concerned that Hinz may re-file his claims in another jurisdiction in an attempt to circumvent Kentucky's statute of limitations. Accordingly, the Court finds it proper to condition this dismissal on the grounds that if Hinz re-file his claims, he does so before this Court or a Kentucky state court. *Flick v. Mercy Health NFP*, 2015 U.S. Dist. LEXIS 161301 (W.D. Ky. 2015); *Am. Nat. Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991).

## CONCLUSION

For the following reasons, Plaintiff's motion to dismiss without prejudice (Docket #52) will be GRANTED. If Plaintiff files a claim arising under the facts of this case Plaintiff shall do so in the Western District of Kentucky or a Kentucky state court.

A separate judgment will be issued.

cc:    Counsel of record
       Wesley Hinz, *pro se*
       1202 Glaze Court
       Murfreesboro, TN 37130
P 0.15

---

[1] In comparison, this Court denied a motion to dismiss without prejudice in *Griffin v. Jones*, 2016 U.S. Dist. LEXIS 35994 (W.D. Ky. Mar. 21, 2016) because of the parties long history of litigation and the fact that: "This case is over three years old. All discovery is complete. Numerous motions to dismiss and for summary judgment have been briefed and ruled upon. The trial date is six weeks away."